**LIBERTY FINANCIAL SERVICES and First Capital Securities, Inc., Petitioners-Appellants,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 84–2267.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 1985 *.

Decided Dec. 18, 1985.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

James E. Ritchie, Martin A. Schainbaum, Kathleen A. Miller, San Francisco, Cal., for petitioners-appellant.

Glenn L. Archer, Jr., Michael L. Paup, Charles E. Brookhart, Farley P. Katz, Washington, D.C., for respondent-appellee.

Before BARNES, FARRIS, and CANBY, Circuit Judges.

PER CURIAM:

Liberty Financial Services ("Liberty") appeals the district court's denial of its petition to quash IRS summons and the entry of summary judgment in favor of the United States. We affirm.

The United States, through the Internal Revenue Service ("IRS"), instituted an investigation to determine whether Liberty had engaged in promoting abusive tax shelters subjecting it to liability for penalties imposed by 26 U.S.C. § 6700 (1967). In conjunction with this investigation, the IRS served a third-party recordkeeping summons on Wells Fargo Bank, pursuant to the provisions of 26 U.S.C. § 7609 (1976), naming Liberty in the summons. The IRS complied with 26 U.S.C. §§ 7609(a)(1)[1] and 7609(b)(2)(A)[2] in notifying Liberty of the summons on Wells Fargo and informing Liberty of its right to institute proceedings to quash the summons within 20 days after receiving notice.

Liberty filed a timely petition to quash the summons in the United States District Court for the Northern District of California. Thereafter, the United States filed a motion for summary judgment and after numerous responses were filed, the district court granted the government's motion for summary judgment and denied Liberty's

1. § 7609. **Special Procedures for third-party summonses**

   (a) **Notice.—**
   (1) **In General.—If—**
   (A) any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and
   (B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,
   then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

2. **(b) Right to intervene; right to proceedings to quash—**

   (2) **Proceedings to quash.—**
   (A) **In general.—**Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

petition to quash the summons. Liberty timely appeals.

Two questions are presented: 1) Did the Commissioner adequately show that the investigation satisfied the requirements of *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); and 2) Was the summons a John Doe summons requiring that the provisions of 26 U.S.C. § 7609(f) [3] be met?

■ We review de novo to determine whether the record evidences a dispute regarding a genuine issue of material fact. We hold that it does not. When, as here, the summons is issued to certain "third-party recordkeepers" such as banks, the IRS must give notice to taxpayers named in the summons. 26 U.S.C. § 7609(a)(1). A taxpayer entitled to such notice may bring a proceeding to quash the summons within 20 days under 26 U.S.C. § 7609(b)(2)(A), and the Commissioner may seek to compel compliance with the summons in that proceeding. To obtain enforcement, the Commissioner must show that the investigation is being conducted for a proper purpose, that the material sought is relevant to that purpose and not already possessed by the Commissioner, and that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. at 57–58, 85 S.Ct. at 254–255. To establish a need for judicial enforcement, this showing need only be minimal. This is necessarily true because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted. *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima

facie case. *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1345 (9th Cir.1983); *United States v. Kis*, 658 F.2d 526, 536–37 (7th Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982). The burden then shifts to the taxpayer to show an abuse of process, *e.g.*, that the summons was issued in bad faith for an improper purpose. *United States v. Powell*, 379 U.S. at 58, 85 S.Ct. at 255. The burden is a heavy one. *United States v. Balanced Financial Management, Inc.*, 769 F.2d at 1444. The taxpayer must allege specific facts and evidence to support his allegations. *United States v. Samuels, Kramer & Co.*, 712 F.2d at 1347–48.

The district court held that "[t]he Government has established a prima facie case for enforcement of the summons by submitting the declaration of IRS agent Allan B. Dresdner setting forth the requisite facts." Liberty argues that the *Powell* requirements were not satisfied, stating that not all the administrative steps required by the Code were satisfied, that the Commissioner "may not be able to establish that the purpose of issuing the summons may have been legitimate," and that the information sought "had been supplied ... or will be provided" and may therefore already be in the possession of the IRS.

We have reviewed the record. Affidavits which satisfy *Powell's* requirements of proper purpose, relevance, and compliance with administrative steps are of record and uncontroverted. The Commissioner's showing need only be minimal.

■ Liberty argues that it had already provided the requested information. The district court held that the IRS could not ascertain whether all relevant records had

---

3. **(f) Additional requirements in the case of a John Doe summons.**—Any summons described in subsection (c) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—

    (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

been released until it had examined the requested documents. It also held that the IRS is entitled to compare for accuracy the records produced by Liberty with those held by Wells Fargo. We agree. The burden of establishing that the information sought was already possessed by IRS rests on Liberty. It failed to sustain that burden. *See United States v. Garrett*, 571 F.2d 1323, 1328 (5th Cir.1978). We find no genuine issue of material fact regarding satisfaction of the *Powell* requirements.

Liberty argues that the summons was a "John Doe" summons. Such a summons may not be served unless the Secretary establishes in a court proceeding that certain requirements additional to those in *Powell* are satisfied. 26 U.S.C. § 7609(f). Liberty contends that these additional requirements were not satisfied. However, we do not agree with Liberty that 26 U.S.C. § 7609(f) applies.

Liberty is the party under investigation and it is named in the summons. Thus, even assuming that the summons was served for the dual purpose of investigating both the tax liability of Liberty and also of unnamed parties, the IRS need not comply with section 7609(f) "as long as all the information sought is relevant to a legitimate investigation of the summoned taxpayer." *Tiffany Fine Arts, Inc. v. United States*, — U.S. ——, 105 S.Ct. 725, 733, 83 L.Ed.2d 678 (1985); *United States v. Balanced Financial Management, Inc.*, 769 F.2d at 1449. We are satisfied that the summons here meets this requirement.

It is clear that the government is not engaged in a "fishing expedition." Furthermore, since Liberty is named in the summons and is itself being investigated, it has an incentive to oppose enforcement, thus protecting any potential unnamed taxpayers. *See Tiffany Fine Arts, Inc. v. United States*, 105 S.Ct. at 731–733.

There is no genuine issue of material fact in dispute regarding the application of section 7609(f). It does not apply.

AFFIRMED.