891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Petitioner-Appellee,
v.
John R. MORRIS, individually and as general managing partner
of High Tech Investments, Respondent-Appellant.
 No. 88-4108.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1989.*
Decided Dec. 1, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John R. Morris appeals from the district court's order partially enforcing the Internal Revenue Service's summons against him. He also appeals from the district court's order denying him attorney's fees. We affirm.
 
 I. FACTS
 
 3
 Morris is the general managing partner of High Tech Investments. Revenue Agent Marilyn J. Brannam is conducting an investigation of High Tech. On May 13, 1985, Brannam issued a summons to Morris, requiring him to appear before the Internal Revenue Service and to produce certain items concerning the years 1983 and 1984. On April 24, 1986, Brannam issued a second summons to Morris, directing him to appear before the IRS and produce certain items concerning the years 1983 through 1985.
 
 
 4
 Morris failed to appear in response to the second summons on the scheduled date, May 7, 1986. The IRS issued a notice of deficiency to Morris on February 27, 1987. The IRS filed suit on March 5, 1987 in district court seeking enforcement of the summons. Morris answered by filing a motion to quash the summons and for attorney's fees. The district court granted partial enforcement of the summons and denied the motion for attorney's fees.
 
 II. DISCUSSION
 A. Enforcement of the Summons
 
 5
 Section 7602 of the Internal Revenue Code authorizes the Secretary of the Treasury to issue a summons for the purposes of "ascertaining the correctness of any return" and "determining the liability of any person for any internal revenue tax...." 26 U.S.C. § 7602(a) (1982). Section 7604 grants the district court jurisdiction to order enforcement of the summons in the event of noncompliance. 26 U.S.C. § 7604 (1982 & Supp. V 1987).
 
 
 6
 "[T]o obtain enforcement of his summons...., [the Commissioner] must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the [Internal Revenue] Code have been followed...." United States v. Powell, 379 U.S. 48, 57-58 (1964); accord Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985). "[T]his showing need only be minimal." Id. It is a prima facie showing, and "the burden then shifts to the taxpayer to show an abuse of process, e.g., that the summons was issued in bad faith for an improper purpose. The burden [on the taxpayer] is a heavy one." Id. (citation omitted).
 
 
 7
 We now apply this standard. First, the IRS must show that it had a legitimate purpose in issuing the summons. So long as any single permissible purpose exists for the issuance of the summons, it meets this legitimate-purpose requirement of the first prong of the Powell test. Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 317-18 n. 5, 324 n. 7 (1985). Morris contends that the IRS cannot show a legitimate purpose because, at the time the IRS filed its enforcement action in district court, it had "determined the tax liability of each partner of High Tech Investments with respect to every partnership item for every year that the partnership has been in existence." This contention misses the point: the government's issuance of its February 27, 1987 notice of deficiency to Morris "determining" his tax liability occurred ten months after the issuance of the second summons. At the time that the IRS issued the second summons, it had not "determined the tax liability of each partner of High Tech Investments with respect to every partnership item for every year that the partnership has been in existence." Moreover, the fact that the government issued a notice of deficiency does not mean that it had no further need for information regarding High Tech. The information sought in the summons continued to be relevant to the correct ultimate assessment of Morris' tax liabilities. Cf. United States v. Gimble, 782 F.2d 89, 93 (7th Cir.1986) ("[T]he validity of the summons" is tested by whether "the summons had a legitimate purpose at the time it was issued"); d. (noting that a notice of deficiency is not "a final, irrevocable determination of the taxpayer's liability for the years in question"). The government therefore has a continuing legitimate interest in completing its audit of High Tech.
 
 
 8
 We next turn to the second and third prongs of the Powell test. The district court found that the items with respect to which the summons was ordered enforced "are necessary for and relevant to the investigation" and "are not already in the possession of the Internal Revenue Service...." Finally, as to the fourth prong of Powell, the district court found that the IRS has satisfied "all administrative steps required by the Internal Revenue Code for issuance of a summons...." Each of these findings has support in the record, and Morris has not demonstrated that any of them is clearly erroneous.
 
 
 9
 The IRS's prima facie case thus established, we must next decide whether Morris has shown that the IRS's issuance of this summons was "an abuse of process." Liberty Fin. Servs., 778 F.2d at 1392. The district court found that the IRS issued the summons to further its investigation of High Tech. Morris responds that the summons' purpose was to further the IRS's investigation of one Richard Miller and that the summons was also improper because High Tech, as a partnership, could not have tax liabilities.
 
 
 10
 The district court's finding, however, is supported by the record and is not clearly erroneous. First, the summons on its face stated that it was issued "In the Matter of High Tech Investments." Second, Agent Brannam testified that she had been assigned to conduct an audit of High Tech and that she had not yet completed the audit. Moreover, Brannam further testified that she sought the information requested in the summons in order to determine Morris' tax liability. Based on this and other evidence in the record, we cannot say that Morris has demonstrated either that the purpose of the summons was to further an investigation of Miller or that the IRS was improperly investigating the alleged tax liabilities of a partnership. Morris has therefore failed to meet his heavy burden of showing an improper purpose underlying the issuance of the summons.
 
 B. Denial of Attorney's Fees
 
 11
 Section 7430 of the Internal Revenue Code states that the district court "may" grant attorney's fees to a taxpayer in certain instances. 26 U.S.C. § 7430(a) (1982 & Supp. V 1987). The district court denied Morris' motion for such fees.
 
 
 12
 To receive such fees, a litigant must, among other things, "establish[ ] that the position of the United States in the civil proceeding was not substantially justified...." 26 U.S.C. § 7430(c)(2)(A)(i). Morris presents no persuasive reasons as to why the district court's finding that he did not establish this should be overturned. The district court therefore did not err in denying him attorney's fees.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3