951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd W. BEAM; Elaine M. Beam, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 91-35035, 91-35037.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 27, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elaine and Floyd Beam ("Taxpayers") appeal pro se the district court's orders dismissing in part and denying in part their motions to quash two sets of Internal Revenue Service ("IRS") administrative summonses pursuant to 26 U.S.C. § 7609, and granting the government's enforcement actions. Taxpayers argue that the summonses were not valid because the Secretary of Treasury ("Secretary") did not delegate the authority to issue summonses to the Commissioner of Internal Revenue ("Commissioner).[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "Denial of a petition to quash an IRS summons is reviewed under the clearly erroneous standard." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir.1988). The district court's decision to enforce an IRS' summons is reviewed for clear error. United States v. Saunders, Nos. 91-35012, 91-35170, slip op. at 16011 (9th Cir. Dec. 13, 1991).
 
 
 4
 * Jurisdiction
 
 
 5
 The district court has jurisdiction to hear and determine a motion to quash a summons issued to a third-party recordkeeper, provided that the appropriate procedural steps are followed. 26 U.S.C. §§ 7609(b)(2), 7609(h)(1); see Liberty Fin.Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985). A third-party recordkeeper includes any savings institution and any accountant. 26 U.S.C. § 7609(a)(3)(A), (F); see United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). The party bringing a proceeding to quash under this section must mail by registered or certified mail a copy of the petition to the third-party recordkeeper summoned. 26 U.S.C. § 7609(b)(2)(B).
 
 
 6
 On March 27, 1990, Taxpayers filed a petition to quash summonses served on Clifford Canterbury, President of All Occasion Insurance Agency, Inc., and Charles Rogers, Taxpayers' accountant. Shortly thereafter, Taxpayers filed another petition to quash nine additional summonses, eight served on Taxpayers and one served on the representative of U.S. National Bank ("Bank") in Portland, Oregon.
 
 
 7
 Among the parties summoned, only Rogers and the Bank were third-party recordkeepers as defined in section 7609(a)(3). See Laurins, 857 F.2d at 537. Therefore, the district court's dismissal of Taxpayers' petition to quash those summonses not directed to third-party recordkeepers for lack of jurisdiction was proper. 26 U.S.C. § 7609(h)(1).
 
 
 8
 With respect to the Bank, Taxpayers failed to present evidence that they had notified the Bank of their petition to quash pursuant to section 7609(b)(2)(B).[2] Because Taxpayers did not comply with section 7609, the district court did not have jurisdiction and properly dismissed Taxpayers' petition to quash the summons issued to the Bank. See Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir.1985) (procedural requirements of section 7609(b) are jurisdictional).
 
 II
 Enforcement
 
 9
 In any proceeding to quash a summons, the government may seek to compel compliance with the summons. 26 U.S.C. § 7609(b)(2)(A). In order to establish a prima facie case for enforcement of a summons, the government must "make a 'minimal' showing that it issued the summons for a legitimate purpose, and that the information sought in the summons was relevant to that purpose." United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990). "Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case." Liberty Fin. Servs., 778 F.2d at 1392. The burden then shifts to the taxpayer to show that the government is acting in bad faith. Id.
 
 
 10
 Here, the government sought to compel compliance with the summonses issued to the Bank and Rogers. In both instances, special agent Jerrold Pierce submitted an affidavit explaining his investigation into the tax liability of Taxpayers for the years 1981 through 1988 and whether they might have committed any violations of the internal revenue laws. Pierce explained that the summoned material was necessary to assess the Taxpayers' financial status.
 
 
 11
 Pierce's declarations satisfied the minimal standard to establish the government's prima facie case for enforcement. See Abrahams, 905 F.2d at 1280. Taxpayers did not show that the summonses were issued in bad faith for an improper purpose. See Liberty Fin. Servs., 778 F.2d at 1392. Rather, they strenuously argued that the IRS and Pierce were not properly vested with the authority to issue and seek enforcement of summonses because the order delegating that authority from the Secretary to the Commissioner was not published in the Federal Register. Nevertheless, this circuit recently rejected Taxpayers' argument, holding, "the government's failure to publish [Treasury Department Orders delegating authority] does not affect the validity of the Secretary's delegation of authority to the Commissioner." Saunders, Nos. 91-35012, 91-35170, slip op. at 16017. Therefore, the district court properly ordered the summonses enforced. Id. at 1393.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Taxpayers also raise an equal protection argument, which we have reviewed and find meritless
 In addition, Taxpayers raise for the first time in their reply brief an argument concerning the absence of OMB control numbers on Form 1040. Because Taxpayers failed to raise this issue before the district court, we decline to review it now. See Bolker v. CIR, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 [2]
 26 U.S.C. § 7609(b)(2)(B) provides, in part:
 If any person begins a proceeding [to quash] with respect to any summons, not later than the close of the 20-day period ... such person shall mail by registered or certified mail a copy of the petition to the person summoned....