79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, William Robertson, Revenue Agent,
Internal Revenue Service, Petitioners-Appellees,
v.
Leonard KOZIOL and Denise Koziol, Respondents-Appellants.
 No. 94-35981.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1995.*
Decided March 6, 1996.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 ORDER***
 
 
 3
 The government has made a prima facie case for enforcement of summons by showing: (1) that the summons is issued for a proper purpose; (2) that the material sought is relevant to that purpose and not already in the government's possession, and (3) that the administrative steps under the I.R.C. have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). See also Liberty Financial Servs., 778 F.2d 1390, 1392 (9th Cir.1985) (affidavit of the investigating agent that the requirements have been met is sufficient to make a prima facie case). The Koziols have failed to rebut that showing.
 
 
 4
 The Koziols' Privacy Act claim lacks merit, as compliance with the Privacy Act is not a prerequisite to enforcement of an IRS summons. United States v. McAnlis, 721 F.2d 334, 337 (11th Cir.1983).
 
 
 5
 Appellants' claim that the district court erred in refusing to appoint counsel to assist them in the assertion of their Fifth Amendment privilege must fail. The Sixth Amendment right to counsel extends only to criminal and quasi-criminal proceedings. Hannah v. Larchae, 363 U.S. 420, 440 n. 16 (1960). A summons enforcement proceeding is civil, not criminal, therefore, the Koziols' Sixth Amendment right has not been implicated; nor has the government instituted contempt proceedings against them. See United States v. Rylander, 714 F.2d 996, 1004 (9th Cir.1983). Thus, the district court's order denying appointment of counsel is AFFIRMED.
 
 
 6
 Accordingly, this matter is remanded to the district court for the limited purpose of conducting an in camera hearing at which Respondent taxpayers shall disclose the basis of their Fifth Amendment claim, and the district court shall determine whether Respondents have a valid Fifth Amendment defense to enforcement of the summons. See United States v. Bodwell, 66 F.3d 1000, 1001 (district court contempt order vacated, remanded for an in camera hearing).
 
 
 
 *
 The panel unaimously finds this case suitable for decision without oral argument Fed.R.App.P. (34) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not to be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3