86 F.3d 1163
 77 A.F.T.R.2d 96-2366, 96-2 USTC P 50,350
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin SIMMONS; Gwendolyn Simmons, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-15684.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin W. Simmons and Iva Gwendolyn Simmons ("Simmonses") appeal pro se the district court's judgment in favor of the United States in the Simmonses' action to quash an Internal Revenue Service ("IRS") summons to a third-party record keeper, Regency Bank, issued for the purpose of determining the Simmonses' income tax liabilities for tax years 1990 through 1993. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's order enforcing an IRS summons for clear error. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir.1993), and we affirm.
 
 
 3
 Here, the IRS had the initial burden to prove that the summons: "(1) is issued for a legitimate purpose; (2) seeks information relevant to the purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all of the administrative steps required by the Internal Revenue Code." Id. "Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case." Liberty Fin. Serv. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985) (per curiam). Once the IRS establishes its prima facie case, a "heavy" burden shifts to the taxpayer to show an abuse of process. Id. "The taxpayer must allege specific facts and evidence to support his allegations." Id.
 
 
 4
 In his declarations, Agent Weaver stated that the purpose of the investigation was to examine the federal tax liabilities of the Simmonses, that the materials were not in the IRS's possession, and that he was authorized to issue the summonses and had adhered to all of the requisite administrative rules. Based upon Weaver's declarations, the district court correctly held that the IRS established its prima facie case for enforcement of the summons. See id.
 
 
 5
 The Simmonses' contention that the summons was served prior to the date of issuance lacks merit. The record indicates that despite the date of issuance written on the summons being May 5, 1994, the summons was actually issued on the same date it was served, May 2, 1994. The Simmonses failed to show how the district court clearly erred by making such a determination. See Dynavac, 6 F.3d at 1414. Furthermore, to the extent Weaver did not technically comply with administrative procedures, because of the three day discrepancy between the date of issuance written on the summons and the actual date of issuance, the Simmonses did not suffer any prejudice because they timely filed their petition to quash. Cf. Alexander Shokai, Inc. v. Commissioner, 34 F.3d 1480, 1484 (9th Cir.1994) (holding taxpayer suffered no unfair prejudice from improper ex parte communication between tax court and IRS counsel), cert. denied, 115 S.Ct. 1690 (1995); Mimick v. United States, 952 F.2d 230, 232-33 (8th Cir.1990) (holding summonses were enforceable notwithstanding lack of separate attestations where summoned parties did not lose substantial rights).
 
 
 6
 The Simmonses also contend that the IRS lacked authority to issue the summons because the IRS's authority to issue the summons does not apply to the provisions of Tile 26 of the United States Code, which deal with the individual income tax. The Simmonses argue that the statutory section and the accompanying regulations cited by the IRS as authority for issuing the summons in this case, 26 U.S.C. § 7602, only apply to the provisions of Title 27, United States Code, which the Simmonses claim deal exclusively with alcohol, tobacco, and firearms taxes. It is clear that 26 U.S.C. 7602 is not limited in the manner argued by the Simmonses. The wording of the statute gives the IRS broad authority to issue a summons in enforcing all types of taxes. See United States v. Derr, 968 F.2d 943, 945 (9th Cir.1992).
 
 
 7
 To the extent that the Simmonses contend that they are not liable for taxes because the income tax, Internal Revenue Code, or the statutes establishing the tax court are unconstitutional, we summarily reject such arguments. See Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir.1982) (per curiam); see also United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("[T]he Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of ... [an] income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens."); Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988) ("[P]aying taxes is not voluntary.").
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to address the Simmonses' other contentions that were raised for the first time on appeal in their reply brief. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990)