**UNITED STATES of America Petitioner,**

v.

**Larry HAYDEN, as President of Challenger Enterprises Services, Inc., and Joann Hayden, as Secretary of Challenger Enterprises Services, Inc., Respondents.**

**No. 04–CV–2188 H(JFS).**

United States District Court, S.D. California.

Dec. 2, 2004.

---

Goud Maragani, U.S. Dept. Of Justice, Washington, D.C., for plaintiff.

Lyndsey M. Heller, Law Offices of Lyndsey Heller, Encinitas, CA, for defendant.

### Order Granting Petition to Enforce IRS Summons

HUFF, Chief Judge.

On November 1, 2004, Petitioner United States of America filed a petition to enforce an Internal Revenue Service ("IRS") summons. Respondents Larry Hayden ("Mr. Hayden"), as President of Challenger Enterprises Services, Incorporated ("Challenger Enterprises") and Joann Hayden ("Ms. Hayden"), as Secretary of Challenger Enterprises filed an opposition on November 22, 2004. A reply was filed on November 29, 2004. After thoroughly reviewing the papers, the Court finds that the government has satisfied the *Powell* factors. Therefore, the Court GRANTS the petition to enforce the IRS summons.

### BACKGROUND

The IRS is examining the federal tax liabilities of Challenger Enterprises for the tax year ending December 31, 2002. (Beatty Decl. ¶ 2.) On April 26 2004, a Revenue Agent of the Small Business/Self Employed Division of the IRS, issued an IRS summons to Larry Hayden, in his

capacity of President of Challenger Enterprises. (*Id.* ¶ 4.) The summons directed Mr. Hayden to provide testimony and certain documents. (*Id.*) Mr. Hayden did not appear in response to the summons but Kathy Hill, Mr. Hayden's Power of Attorney designee, and Susan O'Brien, an individual who possessed a Tax Information Authorization (Form 8821) from Mr. Hayden, appeared on Mr. Hayden's behalf. (*Id.* ¶ 9.) On July 28, 2004, an IRS summons was issued to Joann Hayden, in her capacity as Secretary of Challenger Enterprises to provide testimony and produce certain documents. (*Id.* ¶ 10.) On September 9, 2004, Ms. Hayden appeared in response to the summons with her attorney, Lyndsey Heller. Mr. Hayden, John Hecht, who is Ms. Heller's assistant and Tracy Pettaway, the Revenue Agent's group manager also appeared. (*Id.* ¶ 17.) Ms. Hayden pled the Fifth Amendment to each request for documents and questions asked. (*Id.* ¶ 18, 19.) Challenger Enterprises has not been referred to the Justice Department pursuant to 26 U.S.C. § 7602(d)(2) with respect to the tax year 2002. (*Id.* ¶ 24.)

Charles Matich and the O'Brien Group were subject to the Internal Revenue Service Criminal Investigation Division's ("IRS–CID") search and seizure warrants on August 29, 2000. During the search and seizure, the IRS–CID agents seized the corporate and personal records of Respondents. Matich was indicted, plead guilty and is awaiting sentencing. The O'Brien Group was indicted by the Grand Jury on April 15, 2003 and re-indicted on July 29, 2003. Respondents utilized the O'Brien Group to prepare their personal tax returns since 2001 and corporate tax returns since 2002.

In connection with the summons, Respondents made a Freedom of Information Act request to the Disclosure Office at Fresno and Laguna Niguel. The Disclosure Office sent Mr. Hayden 250 pages of documents and withheld 33 pages and partially sanitized 19 pages pursuant to the exemption under 5 U.S.C. § 552(b)(7)(A).[1] (Resp'ts' Opp., Ex. 13.)

## DISCUSSION

Petitioner contends that the summons is being used for a legitimate purpose. In opposition, Respondents argue that the summons were issued in bad faith to pursue a criminal investigation of the O'Brien Group, are overly broad, intrusive, outside the scope of the 2002 tax period and intended to harass Respondents.

■ The IRS has broad powers to summon information relevant to determining the liability of any taxpayer. *Chen Chi Wang v. United States,* 757 F.2d 1000, 1002 (9th Cir.1985). To obtain judicial enforcement of the summons, the IRS must satisfy the factors set forth in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The IRS must show: "(1) the investigation has a legitimate purpose, (2) the inquiry is relevant to that purpose, (3) the information sought is not already in the possession of the IRS, and (4) it followed all requisite administrative steps." *United States v. Blackman,* 72 F.3d 1418, 1422 (9th Cir.1995) (citing *Powell,* 379 U.S. at 57–58, 85 S.Ct. 248). "All that needs to be shown is that the summoned documents might shed light on the tax liabilities under examination." *Steinhardt v. United States,* 326 F.Supp.2d 1113, 1116 (C.D.Cal.2003) (citing *United*

---

1. 5 U.S.C. § 552(b)(7)(A) provides that "[t]his section does not apply to matters that are— records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings". 5 U.S.C. § 552(b)(7)(A).

*States v. Ryan*, 455 F.2d 728, 733 (9th Cir.1971)).

■ The IRS must make only a "minimal showing" on these elements. *Id.* The "statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir.1985); *see also United States v. Tanoue*, 94 F.3d 1342, 1345 (9th Cir.1996). Assertions in a declaration by an investigating officer can satisfy the IRS's burden. *Blackman*, 72 F.3d at 1422; *Liberty Fin.*, 778 F.2d at 1392.

■ If the IRS makes such a showing, the taxpayer then has a "heavy" burden to disprove the elements or to demonstrate an abuse of process or bad faith. *Blackman*, 72 F.3d at 1422; *Liberty Fin.*, 778 F.2d at 1392. The taxpayer must present "specific facts and evidence" to support any allegations. *Liberty Fin.*, 778 F.2d at 1392. The IRS acts in bad faith if the purpose of the investigation is to obtain evidence solely for use in a criminal case. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 317, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). However, "even if the primary purpose of the investigation is criminal, an IRS summons will be enforced if there is also the legitimate purpose of establishing civil tax liability." *United States v. Zack*, 521 F.2d 1366, 1367 (9th Cir.1975). In *LaSalle*, the Court held that "the summons must be issued before the Service recommends to the Department of Justice that a criminal prosecution, which reasonably would relate to the subject matter of the summons, be undertaken." *Id.* at 318, 98 S.Ct. 2357.

■ The government has provided a declaration from Jon Beatty, the Internal Revenue Agent and satisfied the *Powell* factors. The government seeks to determine the tax liability of Challenger Enterprises Corporation for the tax year ending December 31, 2002 which is a legitimate purpose. (Beatty Decl. ¶ 2, 22.) As president of Challenger Enterprises, Mr. Hayden and as Secretary of Challenger Enterprises, Mrs. Hayden would have knowledge and/or documents concerning that tax year. (*Id.* ¶ 5, 11.) The IRS is not in possession of the documents that are sought by the summons and all administrative procedures have been followed. (*Id.* ¶ 21.) The matter has not been referred to the Justice Department under 26 U.S.C. § 7602(d). (*Id.* ¶ 24.) Therefore, Petitioner has satisfied the *Powell* factors and the "heavy burden" falls upon Respondents to show the IRS is not acting in good faith.

Respondents have failed to show that the IRS is acting in bad faith for the improper purpose of gathering information for a criminal investigation, that the summons are overly broad, intrusive, outside the scope of the 2002 tax year and intended to harass Respondents. Respondents merely infer this matter has been referred to the Department of Justice for criminal investigation based on the withholding of documents pursuant to the exemption under the Freedom of Information Act that certain records or information were complied for law enforcement purposes and that the audits were not random but predetermined. However, this does not show that the matter has been referred to the Justice Department. Even if there were a criminal investigation of the O'Brien Group, and certain documents involving Respondents are being used for that investigation, that does not mean that the Petitioner is issuing summons to Respondents for the purpose of the O'Brien investigation. Petitioner is only determining the tax liability of Challenger Enterprises for the year 2002. The Revenue Agent states that a Justice Department Referral is not in effect with respect to Respondents for the year 2002. (Beatty Decl. ¶ 24.) Respondents have also not presented specific

facts and evidence to show that the summons are overly broad, outside the scope of the 2002 tax year or intended to harass Respondents. Therefore, the Court concludes that the IRS summons was issued for the legitimate purpose of establishing Respondents' civil tax liability.

## CONCLUSION

Accordingly, the Court GRANTS the petition to enforce the IRS summons. Respondents shall comply with the summons by *January 18, 2005*. Failure to comply in full, in the absence of good cause, may result in a finding of contempt of court, which may lead to incarceration and/or a monetary penalty.

IT IS SO ORDERED.