**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD A. CANATELLA, | No. 11-16827 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02175-SI |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted April 16, 2013[**]
San Francisco, California

Before: GRABER and CHRISTEN, Circuit Judges, and TUNHEIM,[***] District
Judge.

　　　　Appellant Richard A. Canatella appeals from the district court's order

granting the United States' motion to dismiss Canatella's petition to quash third-

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

party summonses issued during an on-going investigation of his tax liability, compelling compliance with the third-party summonses, and granting the United States' motion for a protective order, thereby denying Canatella discovery or an evidentiary hearing. Canatella's primary argument on appeal is that the district court applied too stringent a standard in denying his request for an evidentiary hearing. We affirm.

1. Our review of a district court's denial of an evidentiary hearing or discovery in a summons enforcement proceeding is for abuse of discretion. See United States v. Stuckey, 646 F.2d 1369, 1373 (9th Cir. 1981). "In contrast to the procedure in ordinary civil cases, discovery in a summary summons enforcement proceeding is the exception rather than the rule." United States v. Church of Scientology of Cal., 520 F.2d 818, 824 (9th Cir. 1975). Where a taxpayer challenges an IRS summons on grounds of improper purpose, he or she must "provide a minimal amount of evidence" simply to justify an evidentiary hearing. See Stuckey, 646 F.2d at 1372. Conclusory allegations of improper purpose are insufficient. See United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1347-48 (9th Cir. 1983); Church of Scientology, 520 F.2d at 824. Rather, the taxpayer must allege "specific facts" that "raise sufficient doubt about the Government's purposes" and allow a court to "infer a possibility of some wrongful conduct by the

Government."  Samuels, 712 F.2d at 1347-48 (internal quotation marks omitted).

If the taxpayer meets this burden, he or she is entitled to an evidentiary hearing and

the court may then grant discovery "[i]f, at the end of the hearing, there remains a

substantial question in the court's mind regarding the validity of the government's

purpose."  Church of Scientology, 520 F.2d at 824.

2. Canatella suggests that the district court erred by citing Liberty Financial

Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) (per curiam), a case

that discussed the standard for establishing that a summons was issued for an

improper purpose, as opposed to the standard for merely earning an evidentiary

hearing, and by requiring Canatella to allege "specific facts" in order to receive a

hearing.  However, we conclude that the standard applied by the district court is

consistent with precedent.  See Samuels, 712 F.2d at 1347-48 ("[T]o trigger a

limited evidentiary hearing, . . . some evidence must be introduced to support the

allegations made.  In other words, a taxpayer must answer the Government's prima

facie case through responsive pleadings, supported by affidavits, that allege

specific facts in rebuttal."  (citations and internal quotation marks omitted)).

3. Further, we conclude that the district court did not abuse its discretion in

finding that Canatella was not entitled to an evidentiary hearing or discovery.

Canatella's repeated references to the Revenue Agent's "facial expressions" and

3

"demeanor and remarks" are too vague to support a reasonable inference that the motivation for the summonses was either to retaliate against Canatella for complaining about the behavior of a Revenue Agent or to discriminate against Canatella, a Caucasian business owner, in favor of Asian business owners. And Canatella's allegations relating to the Revenue Agent's phone interview with his wife are based on the incorrect premise that the Revenue Agent violated marital privileges when, in fact, the Revenue Agent's interview addressed matters that were relevant to the tax liability investigation. See 26 U.S.C. § 7602(a). Because Canatella failed to allege facts that would allow a reasonable inference of wrongful conduct by the government, we conclude that the district court did not abuse its discretion in denying Canatella an evidentiary hearing and granting the United States' motion for a protective order. See Samuels, 712 F.2d at 1347-48.

4. On appeal, Canatella raises two additional arguments: (1) that the purpose of the summonses was improper because they were part of a scheme to pressure Canatella to either consent to an extension of the statute of limitations for assessing 2007 tax liability or have the liability redetermined based on a disallowance of more than three-quarters of his business expense deductions; and (2) that the Revenue Agent improperly disseminated confidential marital communications by sharing notes from his phone interview with Canatella's wife

4

with other IRS employees assigned to Canatella's investigation. Because these arguments were not raised before the district court, we will not consider them. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007).

5. Finally, because we hold that Canatella's allegations did not warrant an evidentiary hearing, it follows that his allegations were insufficient to establish that the summonses should be quashed. See Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995) ("[A] heavy burden is placed on the taxpayer to show an abuse of process or the lack of institutional good faith." (internal quotation marks omitted)).

**AFFIRMED.**