**ESTATE OF Anna CREASON,**
**Plaintiff–Appellant,**

v.

**CITY OF CONCORD, Defendant–**
**Appellee.**

No. 04–16977.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Oct. 27, 2006.

Jane L. Creason, Esq., Creason & Associates, Concord, CA, for Plaintiff–Appellant.

Office of the City Attorney, Concord, CA, for Defendant–Appellee.

Before: BEEZER, O'SCANNLAIN, and TROTT, Circuit Judges.

## MEMORANDUM *

Appellant sought a modification to City of Concord's local ordinances governing fence heights and setbacks. Appellant claims Concord's refusal to grant an accommodation violated the Americans with Disabilities Act ("ADA"), as well as other federal statutes and California state law. The parties are familiar with the facts of this case and we do not repeat them here.

■ The original plaintiff in this case, Anna Creason, died while this case was pending on appeal, and her estate was substituted as the Plaintiff–Appellant on May 13, 2005. Anna Creason's death has rendered Appellant's claims for injunctive relief moot. Because mootness is a jurisdictional question, we consider the question independent of the parties' arguments. See Cammermeyer v. Perry, 97 F.3d 1235, 1237 n. 3 (9th Cir.1996). A case can become moot while it is on appeal. See United States v. Tanoue, 94 F.3d 1342, 1344 (9th Cir.1996) ("[A]n appeal must be dismissed as moot if an event occurs while the appeal is pending that makes it impos-

sible for the appellate court to grant any effectual relief whatever to the prevailing party.") (quotation marks and citation omitted). Any injunctive relief would obviously be ineffectual as to Anna Creason because she is now deceased. Nor can her estate pursue injunctive relief because it cannot show a threat to its interests or that any redress would accompany a favorable judgment. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). All claims against Concord for injunctive relief must therefore be dismissed.

■ Appellant is not entitled to compensatory damages in this case. We have held that compensatory damages are not available under Title II of the ADA absent evidence of discriminatory intent or deliberate indifference by the defendant. Ferguson v. City of Phoenix, 157 F.3d 668, 675 (9th Cir.1998). The district court determined that Appellant presented insufficient evidence of intentional discrimination by Concord, and therefore, even if Concord had violated the ADA, Appellant could not obtain damages under Ferguson. The district court therefore correctly entered summary judgment for Concord on all claims for compensatory damages.

■ Finally, Appellant challenges the district court's refusal to grant leave to amend her complaint. We review a district court's refusal to grant leave to amend after a responsive pleading has been filed for abuse of discretion. Yakama Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir.1999). Creason sought to amend her complaint to add new claims under California law, which would allow her to seek relief from Concord even without a showing of discriminatory animus. The district court correctly noted that Ninth Circuit prece-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dent looks unfavorably upon motions for leave to amend in these circumstances. *See Acri v. Int'l Assoc. of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir.1986); *M/V Am. Queen v. San Diego Marine Constr. Corp.,* 708 F.2d 1483, 1492 (9th Cir.1983). Creason filed her motion well after the end of discovery and the filing of dispositive motions. Her motion was presented at the end of litigation, was not based on any newly discovered facts, and would unduly delay disposition of the case. We hold that the district court did not abuse its discretion in denying Appellant's motion to amend.

The district court's judgment in favor of Appellee is hereby **AFFIRMED.**