**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**David William ROSE, as president**
**of Eldorado Corporation,**
**Defendant—Appellant.**

No. 04–56994.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 16, 2006 *.

Filed Nov. 21, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Jennifer D. Auchterlonie, Esq., Kenneth L. Greene, Esq., Sara A. Ketchum, Esq., DOJ–U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff–Appellee.

Lyndsey M. Heller, Esq., Law Offices of Lindsey Heller, Encinitas, CA, for Defendant–Appellant.

Before: PREGERSON, REINHARDT, and HAWKINS, Circuit Judges.

### MEMORANDUM [**]

David William Rose ("Rose"), President of Eldorado Corporation ("Eldorado"), appeals from a district court order requiring him to comply with an IRS summons issued on March 8, 2004. Rose questions: (1) the validity of the summons's service on him; (2) the purpose of the summons; and (3) the lack of a pre-enforcement evidentiary hearing.

■ The certificate of service signed by Revenue Agent George R. Lee ("Agent Lee") was prima facie evidence that service was properly completed. *See* 26 U.S.C. § 7603(a). Rose's rebuttal evidence—Part C of the summons directed to the "noticee"—would not contain an attestation whether or not the summons were properly filled out and delivered. *See Fortney v. United States*, 59 F.3d 117, 118, 121 (9th Cir.1995) ("notice to the taxpayer" portion of summons need not be attested). Thus, Rose's evidence was insufficient to cast doubt on the accuracy of Agent Lee's certificate of service.[1]

■ Agent Lee also asserted, under oath, that the summons was issued for one of the proper statutory purposes. *See* 26 U.S.C. § 7602(a) (proper purposes include "ascertaining the correctness of any return" and "determining the liability of any person for any internal revenue tax"). Even if a secondary purpose of the summons was to investigate Rose in anticipation of a potential criminal prosecution, this would not make the summons improper. *Couch v. United States*, 409 U.S. 322, 326, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973) ("It is now undisputed that a special agent is authorized, pursuant to 26 U.S.C. § 7602, to issue an Internal Revenue summons in aid of a tax investigation with civil and possible criminal consequences."); *Weiss v. Comm'r of Internal Revenue*, 919 F.2d 115, 115 n. 1 (9th Cir.1990). The IRS only loses its § 7602 summoning power when it recommends criminal prosecution to the Department of Justice, which it has not done in this case. 26 U.S.C. § 7602(d); *Weiss*, 919 F.2d at 115 n. 1.[2]

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

[1] Even if service were technically improper for lack of attestation, Rose suffered no prejudice as a result. *See Rapp v. Comm'r of Internal Revenue*, 774 F.2d 932, 934 (9th Cir. 1985) (party must show "concrete prejudice" from failure to receive notice). Rose concedes that he was repeatedly notified of his obligation to appear before Agent Lee on March 19, 2004, and he did, in fact, appear promptly on that date.

[2] A Department of Justice referral from the IRS would have occurred only if the Treasury Secretary had "recommended to the Attorney General a grand jury investigation of, or the

Nor is there evidence that the IRS's purpose was to gather information for use in its continuing prosecution of the O'Brien Group defendants or to retaliate against or harass Rose. The prosecution of the O'Brien Group defendants relates to their roles in preparing Eldorado's *1998 and 1999* tax returns, not Eldorado's *2001* returns (the tax year specified by Rose's summons), thus negating the suggestion that the IRS was somehow attempting to short-circuit the criminal discovery rules by using an administrative summons. *Cf. United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316–17, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978).

Rose's harassment allegation has been waived by his failure to raise it in district court. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108 (9th Cir.2001). Even if properly raised, Rose's evidence—that the IRS sent him two summonses (each one posted on his door and a copy subsequently mailed to his home) and initiated a corporate audit of Eldorado (which Rose himself urged it to do at his March 27, 2003 meeting with two IRS agents)—would be inadequate to satisfy his "heavy burden of disproving the presumed purpose of the summons." *See United States v. Tanoue*, 94 F.3d 1342, 1345 (9th Cir.1996) (internal quotation marks omitted).

Nor is there a need to conduct an evidentiary hearing every time a taxpayer raises some colorable claim of "bad faith" or "improper purpose." *See id.* at 1345–46. Rose's conclusory allegations that the government was "prosecuting its own case" and "harassing" him are not the type of "specific facts and evidence ... that

raise sufficient doubt about the government's motive for issuing the summons" that mandate an evidentiary hearing. *See id.* at 1346. The district court, therefore, did not abuse its discretion by declining to hold such a hearing before issuing its order. *United States v. Abrahams*, 905 F.2d 1276, 1282 (9th Cir.1990).

**AFFIRMED.**

---

criminal prosecution of," Rose or Eldorado for the 2001 tax year. 26 U.S.C. §§ 7602(d)(2)(A)(i), 7602(d)(3). Agent Lee asserted, under oath, that no such referral has occurred, and Rose's evidence—that (1) Eldorado was named in the superceding indict- ment of the O'Brien Group, (2) the IRS seized Eldorado's tax records from the O'Brien Group, and (3) Rose and his wife testified before the grand jury during the O'Brien Group investigation—does not demonstrate otherwise.