**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Los Angeles Unified School District,

         *Plaintiff-Appellant,*

    v.

Michael Garcia,

         *Defendant-Appellee.*

No. 10-55879

D.C. No.
2:09-cv-09289-
VBF-CT
Central District of
California,
Los Angeles

ORDER
CERTIFYING
QUESTION TO
CALIFORNIA
SUPREME COURT

Filed January 20, 2012

Before: Betty B. Fletcher, Barry G. Silverman, and
Kim McLane Wardlaw, Circuit Judges.

---

## ORDER

This case requires us to decide, as a matter of California law, whether the responsible agency for providing special education services under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, to an eligible child incarcerated in a county jail is the school district where the child's parents reside. We respectfully request that the California Supreme Court decide the certified question that follows.

## I.  Question Certified

Pursuant to Rule 8.548 of the California Rules of Court, we request that the California Supreme Court answer the following question:

> Does California Education Code § 56041 — which provides generally that for qualifying children ages eighteen to twenty-two, the school district where the child's parent resides is responsible for providing special education services — apply to children who are incarcerated in county jails?

The California Supreme Court's decision on this question of California law would determine the outcome of this appeal and no controlling precedent exists. *See* Cal. R. Ct. 8.548(a). We agree to accept and follow the Court's decision. *See* Cal. R. Ct. 8.548(b)(2). We certify this question because deciding it would require us to answer a novel question of California law that could impose substantial financial obligations on school districts throughout the state. Moreover, because suits concerning special services required by the IDEA are subject to federal jurisdiction, the California courts are unlikely to have the opportunity to address this question of substantial importance to local school districts unless the California Supreme Court grants a request for certification.

## II.  Background

Appellee Michael Garcia is twenty-one years old and, until recently, was incarcerated in the Los Angeles County Jail awaiting trial.[1] At all relevant times, Garcia's mother has

---

[1] At oral argument, counsel for the parties informed us that Garcia was recently transferred to state prison. Although neither party argues that the case is moot, we have an obligation to consider mootness *sua sponte*. *NASD Dispute Resolution, Inc. v. Judicial Council*, 488 F.3d 1065, 1068 (9th Cir. 2007). Now that Garcia is in prison, we cannot provide him with

resided within the boundaries of the Los Angeles Unified School District (LAUSD). Garcia has a learning disability and a speech and language impairment, and he qualifies for special education services under the IDEA and corresponding state law. Garcia first began receiving special education services in the second grade and continued receiving them prior to his incarceration and while he was incarcerated in a juvenile facility. After Garcia turned eighteen on June 1, 2008, he was transferred to the adult jail facility and stopped receiving special education services.

In December 2008, Garcia filed a due process hearing complaint with California's Office of Administrative Hearings (OAH), alleging that he was being denied the free appropriate public education (FAPE) that he is entitled to under the IDEA. The complaint named a variety of education and corrections agencies, including the California Department of Education, but not LAUSD. After noting that no "statute or regulation specifically allocat[es] responsibility for the special education of eligible students 18 to 22 years of age who are incarcerated in an adult correctional institution," OAH concluded that the question was governed by California Education Code § 56041, which provides in full that:

---

effective relief by deciding that LAUSD is responsible for providing special education services to him while he is in county jail. *See United States v. Tanoue*, 94 F.3d 1342, 1344 (9th Cir. 1996).

We have previously held, however, that the mootness exception for issues that are capable of repetition yet evading review applies to ongoing policies affecting pretrial detainees, because pretrial detention usually will be too brief for the challenged policy to be reviewed before becoming moot. *See United States v. Howard*, 480 F.3d 1005, 1009-11 (9th Cir. 2007). The considerations discussed in *Howard* apply with equal force here, because although Garcia's "particular situation . . . may have become moot," the failure to provide special education services to eligible inmates in county jails is ongoing, and eligible inmates will usually not be incarcerated in the jail long enough to bring a legal challenge. *See id.* at 1010.

Except for those pupils meeting residency requirements for school attendance specified in subdivision (a) of Section 48204, and notwithstanding any other provision of law, if it is determined by the individualized education program team that special education services are required beyond the pupil's 18th birthday, the district of residence responsible for providing special education and related services to pupils between the ages of 18 to 22 years, inclusive, shall be assigned, as follows:

(a) For nonconserved pupils, the last district of residence in effect prior to the pupil's attaining the age of majority shall become and remain as the responsible local educational agency, as long as and until the parent or parents relocate to a new district of residence. At that time, the new district of residence shall become the responsible local educational agency.

(b) For conserved pupils, the district of residence of the conservator shall attach and remain the responsible local educational agency, as long as and until the conservator relocates or a new one is appointed. At that time, the new district of residence shall attach and become the responsible local educational agency.

Applying this statute, OAH determined that LAUSD was responsible for providing a FAPE to Garcia because LAUSD is the "last district of residence in effect prior to the pupil's attaining the age of majority."[2] Because LAUSD was not named in Garcia's complaint, however, OAH dismissed the complaint "without prejudice to the filing of a complaint naming proper parties."

---

[2] Garcia is not subject to a conservatorship and does not meet the exceptions specified in California Education Code § 48204(a).

Garcia filed an amended complaint naming only LAUSD as a respondent. In November 2009 OAH issued a decision again concluding that "[t]he Los Angeles Unified School District is the entity legally responsible for providing [Garcia] with a free appropriate public education while he is incarcerated in the Los Angeles County Jail" and ordered LAUSD to begin providing Garcia with special education services.[3] The U.S. District Court for the Central District of California issued an order affirming the OAH decision on May 4, 2010. LAUSD timely appealed to this court.

## III.   Explanation of Certification

The resolution of this appeal turns on whether California Education Code § 56041 applies to students who are incarcerated in adult county jails, an issue of California law for which there is no controlling authority.

Under the IDEA and corresponding California law, children who are eligible for special education services are entitled to continue receiving those services until they turn twenty-two or receive a high school diploma. 20 U.S.C. § 1412(a)(1)(A); Cal. Educ. Code § 56026. If a child between ages eighteen and twenty-two received special education services in his last educational placement prior to being incarcerated in an adult correctional facility, that child remains entitled to services while he is incarcerated. 20 U.S.C. § 1412(a)(1)(B)(ii); 34 C.F.R. § 300.102(a)(2)(ii).

Each state is responsible for ensuring compliance with the IDEA and must specify which state or local educational agency (SEA or LEA) is responsible for providing special education services to certain students, including students who are incarcerated. *See* 20 U.S.C. § 1412(a) (states are generally responsible for ensuring IDEA's requirements are met); *id.*

---

[3]Pursuant to this order, LAUSD did provide Garcia with special education services while it pursued this appeal.

§ 1412(a)(11)(C) (responsibility for meeting requirements for incarcerated children may be assigned to any public agency in the state). Thus, questions of which agency is responsible for providing a student with a FAPE are determined under state law. *See Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1525-27 (9th Cir. 1994).

Apart from a state's supervisory responsibilities, a state can be required to provide direct services to a child if the relevant LEA is unable or unwilling to provide those services. 20 U.S.C. § 1413(g). The state is also responsible for providing services when there is no state law or regulation that delegates its responsibility. *Orange Cnty. Dep't of Educ. v. California Dep't of Educ.*, No. 09-56192, slip op. 21323 (9th Cir. Dec. 28, 2011).

In most circumstances, however, a state will assign responsibility for providing special education services to an LEA, such as a school district. In California, the responsible LEA is usually the school district where the child would otherwise be assigned. *See Orange Cnty. Dep't of Educ. v. A.S.*, 567 F. Supp. 2d 1165, 1167 (C.D. Cal. 2008). California's compulsory school attendance law requires that children between the ages of six and eighteen attend school in "the school district in which the residency of either the parent or legal guardian is located." Cal. Educ. Code § 48200. This provision, § 48200, "embodies the general rule that parental residence dictates a pupil's proper school district." *Katz v. Los Gatos-Saratoga Joint Union High Sch. Dist.*, 11 Cal. Rptr. 3d 546, 553 (Cal. App. 2004). Section 48204 provides exceptions to that rule, mostly for students who do not reside with their parents. Thus, students ages six to eighteen usually receive special education services from the school district in which their parents reside.

According to Garcia, § 56041 creates an analogous system for special education students between the ages of eighteen and twenty-two. Garcia argues that the plain language of

§ 56041 indicates that all eligible students between the ages of eighteen and twenty-two will receive special education services from the school district where their parents reside, unless they are subject to a conservatorship or fall under one of the exceptions outlined in § 48204. Most importantly, Garcia claims that because it does not specify otherwise, § 56041 applies to students like himself who are incarcerated in adult county jails.

LAUSD responds that the legislative history of § 56041 and the existing statutory framework regarding education services in correctional facilities demonstrate that § 56041 does not extend to students like Garcia. LAUSD argues that California law simply does not delegate responsibility for providing special education services to eligible students in adult county jails, and absent such delegation, that responsibility defaults to the state. *See Orange Cnty. Dep't of Educ. v. California Dep't of Educ.*, No. 09-56192, slip op. 21341-42.

OAH and the district court agreed with Garcia. OAH wrote that "absent a specific statutory or regulatory section assigning responsibility to a particular agency for an incarcerated adult special education student, the general residency rules for determining the responsible agency" apply. The district court affirmed, explaining that LAUSD was the responsible agency "[u]nder the plain language" of § 56041 and noting that "[n]o party contests that Garcia is between the ages of 18 and 22 years and that Garcia's mother has at all relevant times resided within" LAUSD.

We have found no controlling authority addressing this issue — in fact, there is no authority whatsoever addressing the application of § 56041 to incarcerated students. The authorities that do exist regarding § 56041 generally are in conflict or provide little guidance.

LAUSD relies heavily on legislative history, but it is by no means dispositive. Section 56041 was enacted (at least in

part) to correct a problem that impacted LEAs containing private residential schools. Many children residing at those schools had been placed there by other LEAs. If the LEA responsible for funding a child's special education depended on where the *child* resided once the child turned eighteen, LEAs containing private residential schools would suddenly become financially responsible for all of the adult students attending those schools. Section 56041 corrected this by requiring the LEA where the student's parents reside (which presumably is the LEA that placed the student in the residential school) to remain responsible for funding the student's education. *See Sierra Sands Unified Sch. Dist. v. California State Bd. of Educ.*, No. 248848 (Kern Cnty. Super. Ct. June 19, 2003) (discussing legislative history).

Although this history indicates that § 56041 may have been enacted to solve a narrow problem, there is little evidence to support LAUSD's argument that the reach of § 56041 is *limited* to the situation described above. LAUSD points to a document from the Senate Policy Committee noting that § 56041 "addresses a problem for local educational agencies which are impacted by nonpublic, nonsectarian schools." But that document goes on to explain that § 56041 addresses that problem by "add[ing] a new code section clarifying the district of residence responsible for providing special education and related services to pupils between the ages of 18 to 22 years." This language seems to indicate that § 56041 clarifies the responsible LEA for *all* students ages eighteen to twenty-two. Moreover, as the district court pointed out, it may be that Garcia's argument is more aligned with this legislative history. Noting that the concern behind § 56041, "broadly speaking, is a concern regarding overwhelming [LEAs] with responsibility because of the fortuity of having a certain type of school within their borders," the district court reasoned that applying § 56041 to incarcerated students "may serve this purpose . . . because it provides that the LEA in which a jail resides is not automatically responsible for the special education of all students located therein."

Previous administrative decisions interpreting § 56041 also provide inconsistent guidance. A 2003 decision by the Special Education Hearing Office (the predecessor to OAH) seems to favor LAUSD's argument. *See Student v. Berkeley Unified Sch. Dist. & Albany Unified Sch. Dist.*, No. 1989 (Cal. Special Educ. Hearing Office Nov. 6, 2003). In *Berkeley*, a twenty-year-old student with autism moved from his parents' home in Albany to his own home in Berkeley and sought special education services from the Berkeley school district. Berkeley argued that, under the plain language of § 56041, the Albany school district remained responsible for the student's education because his parents continued to reside there. The hearing officer disagreed and found that Berkeley was responsible based on three factors: the legislative history of § 56041; the fact that the student had moved to a new district voluntarily, rather than as the result of an educational placement; and the fact that the applicable definition of "parent" at that time included "[a]ny adult pupil for whom no guardian or conservator has been appointed" (meaning that the student could be considered his own "parent" under the statute). The hearing officer construed § 56041 as an "exception" that applies only when a student resides in a different district from his parents as the result of an educational placement.

Garcia responds that *Berkeley* is distinguishable because the definition of "parent" for the purposes of § 56041 no longer includes "[a]ny adult pupil for whom no guardian or conservator has been appointed." *Compare* Cal. Educ. Code § 56028 (2007) *and* Cal. Educ. Code § 56028 (2005). But in any event, *Berkeley* is not binding precedent, and other, more recent administrative decisions construing § 56041 have reached different results. *See* Cal. Code Regs. tit. 5, § 3085 ("[O]rders and decisions rendered in special education due process hearing proceedings may be cited as persuasive but not binding authority by parties and hearing officers in subsequent proceedings."). One 2009 decision describes § 56041 as "unambiguous" and as "a catch-all provision that identifie[s] the responsible local education agency for students who

require[ ] special education beyond the age of eighteen." *In the Consolidated Matters of Orange Cnty. Dep't of Educ. v. Student and Student v. Orange Cnty. Dep't of Educ. & California Dep't of Educ.*, Nos. 2008120021, 2009020130 (Cal. Office of Admin. Hearings May 22, 2009). Another 2009 decision notes that § 56041 "distinguish[es] only between conserved and nonconserved pupils." *Parent v. California Dep't of Mental Health*, No. 2009050920 (Cal. Office of Admin. Hearings Oct. 26, 2009); *see also In the Consolidated Matters of Student v. Orange Cnty. Dep't of Educ., Irvine Unified Sch. Dist. & California Dep't of Educ. and Orange Cnty. Dep't of Educ. v. Student*, Nos. 2009090943, 2009100565 (Cal. Office of Admin. Hearings Nov. 30, 2009) (noting generally that § 48200 applies to all students under eighteen and § 56041 applies to all students eighteen and over). Moreover, a recent decision of our court describes § 56041 as determining which public agency is responsible for providing special education to all students between the ages of eighteen and twenty-two, although that decision does not concern incarcerated students. *See Orange Cnty. Dep't of Educ. v. California Dep't of Educ.*, No. 09-56192, slip op. 21332-33.

Finally, LAUSD points out that other statutes governing education services in correctional facilities might indicate a legislative intent to delegate these responsibilities to county boards of education. For example, county boards of education are authorized to provide general education services to prisoners in county jails, although the relevant statutes are silent on special education services. *See, e.g.*, Cal. Educ. Code § 1900. County boards of education are also responsible for operating juvenile court schools, which provide special education services to children incarcerated in juvenile facilities. *See* Cal. Educ. Code §§ 48645.1, 48645.2, 56150. There are also logistical concerns associated with requiring school districts to provide special education services to students who are incarcerated in other parts of the state, although those concerns can potentially be alleviated by the ability of school districts to

contract with one another to provide services. *See* Cal. Educ. Code § 56369 ("A local educational agency may contract with another public agency to provide special education or related services to an individual with exceptional needs.").

## IV. Conclusion

The issue presented by the certified question — whether § 56041 applies to eligible students incarcerated in county jails — is dispositive of this case. We are aware of no controlling precedent, and the answer to the certified question could have a significant fiscal impact on local educational agencies throughout the state of California. Thus, rather than decide this novel question of California law ourselves, we respectfully request that the California Supreme Court decide the certified question in order to provide an authoritative answer to California's educational agencies. We understand that the California Supreme Court may reformulate the certified question, and we agree to accept and follow the Court's decision.

## V. Administrative Information

If our request for decision is granted, we designate the Los Angeles Unified School District as the petitioner. *See* Cal. R. Ct. 8.548(b)(1).

The names and addresses of counsel for the Los Angeles Unified School District are:

> Barrett K. Green
> Daniel L. Gonzalez
> Littler Mendelson
> A Professional Corporation
> 2049 Century Park East, 5th Floor
> Los Angeles, CA 90067-3107

The names and addresses of counsel for Michael Garcia are:

Paula D. Pearlman
Shawna L. Parks
Andrea F. Oxman
Disability Rights Legal Center
919 Albany Street
Los Angeles, CA 90015

Linda Dakin-Grimm
Daniel M. Perry
Delilah Vinzon
Milbank Tweed Hadley & McCloy, LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017

As required by California Rule of Court 8.548(c) and (d), the Clerk of this Court shall submit copies of all relevant briefs, and an original and ten copies of this Order, to the Supreme Court of California with a certificate of service on the parties.

The case is withdrawn from submission and further proceedings in this court are stayed pending final action by the Supreme Court of California. The parties shall notify the Clerk of this Court within seven days after the California Supreme Court accepts or rejects certification, and again within seven days if the California Supreme Court renders an opinion. The panel retains jurisdiction over further proceedings.

IT IS SO ORDERED.