NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   AZ-11-1670-TaPaMk |
| | ) | |
| JOHN A. HAMILTON, | ) | Bk. No.   10-41456-GBN |
| | ) | |
| Debtor. | ) | Adv. No.  11-00573-GBN |
| _____ | ) | |
| | ) | |
| JOHN A. HAMILTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M[*] |
| | ) | |
| LISA YOUNGBLOOD, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Submitted Without Oral Argument[**]
on January 25, 2013

Filed - February 21, 2013

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable George B. Nielsen, Jr., Bankruptcy Judge, Presiding
_____

Appearances:   Appellant John A. Hamilton, pro se on brief.
_____

Before:  TAYLOR, PAPPAS, and MARKELL, Bankruptcy Judges.

_____

   [*]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

   [**]  In an order entered on August 2, 2012, the Panel determined that this appeal was suitable for disposition without oral argument.  Fed. R. Bankr. P. 8012; 9th Cir. BAP Rule 8012-1.

John A. Hamilton ("Debtor") appeals from a bankruptcy court order granting summary judgment in favor of his ex-spouse Lisa Youngblood ("Youngblood"). The bankruptcy court found that two state court judgments for attorney's fees and costs obtained by Youngblood against Debtor in their Arizona domestic relations case are nondischargeable pursuant to section 523(a)(5).[1] Youngblood sought relief under both section 523(a)(5) and (a)(15). We AFFIRM.

**FACTUAL BACKGROUND**

Debtor's appellate brief fails to set forth the facts relevant to this appeal in a coherent manner. In his excerpts of record, Debtor submitted copies of Youngblood's Motion for Summary Judgment ("Motion"), her Statement of Facts in Support, and Debtor's Response to the Motion for Summary Judgment ("Opposition").[2] These excerpts, along with declaratory and documentary evidence obtained from the bankruptcy court docket, establish that the following facts submitted to the bankruptcy court were not in dispute.

---

[1] Unless otherwise specified, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Debtor failed to submit copies of the affidavits and documentary evidence in support filed by the parties in connection with the Motion. We, therefore, exercise our discretion to review independently the imaged documents from the bankruptcy court's electronic docket. See Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

In February 2000, Debtor and Youngblood stipulated to a Consent Decree of Dissolution of Marriage filed in Case No. DR 98-11662 in Arizona Superior Court, Maricopa County ("Case #1"). Case #1 was transferred to another division of the Superior Court and assigned new case number DR 1998-070471 in March of 2003 ("Case #2"). In Case #2, on July 3, 2003, the Superior Court entered judgment against Debtor in favor of Youngblood for attorney's fees and costs in the amount of $4,203.77 plus 10% interest (the "July 2003 Judgment"). On October 29, 2007, the Superior Court entered another judgment in Case #2 against Debtor and in favor of Youngblood for attorney's fees and costs in the amount of $567.87 (the "October 2007 Judgment," and, together with the July 2003 Judgment, the "Fees Judgments").[3]

According to Youngblood, the Superior Court entered the July 2003 Judgment as a result of an improper post-decree civil action filed by Debtor that was consolidated by the Superior Court with Case #2, and then dismissed. The Superior Court entered the October 2007 Judgment as a result of Debtor's improper petition to modify child support. Youngblood argues, therefore, that all the post-decree attorney's fees "concern the

---

[3] Another earlier attorney's fees judgment was entered against Debtor in favor of Youngblood in Case #1 in May 2002 (the "May 2002 Judgment"). Youngblood's Motion also sought a determination that the May 2002 Judgment was not subject to discharge. Debtor argued in his Opposition that the May 2002 Judgment had been discharged in a prior bankruptcy case filed by Debtor in 2002. At oral argument on the Motion, Youngblood's counsel conceded that the May 2002 Judgment is not a subject of this adversary proceeding. Thus, the Judgment on appeal only pertains to the July 2003 Judgment and the October 2007 Judgment.

3

health safety and welfare of the minor children" (Motion at 5) and, as such, are nondischargeable pursuant to section 523(a)(5) or, alternatively, pursuant to section 523(a)(15).

In his Opposition, Debtor disputes neither Youngblood's factual representations nor the circumstances and grounds for the Fees Judgments. Instead, Debtor alleges that, after the Fees Judgments were entered, the Superior Court entered a minute entry dated January 8, 2009 (the "2009 Minute Entry") following a hearing on the parties' agreement as to the status of child support arrears. The 2009 Minute Entry provided that: "each party is responsible for their own attorney's fees and costs." Opposition at 59:6-8. Debtor argues that based on the 2009 Minute Entry, the Fees Judgments should be vacated and discharged; in essence, he interprets the 2009 Minute Entry as releasing him from liability under the previous fee awards. Debtor also advises that he had filed a Motion to Set Aside Judgment with the Superior Court on October 26, 2011 (the "Set Aside Motion") on the same theory.[4]

After hearing oral argument,[5] the bankruptcy court found

---

[4] Debtor included only the first two of eighteen pages of the Opposition. This Panel reviewed the entire document filed by Debtor on the bankruptcy court docket.

[5] The bankruptcy court initially informed the parties that it was inclined to defer ruling on the Motion, given the Superior Court's concurrent jurisdiction with respect to dischargeability determinations under section 523(a)(5) and in light of the pending Set Aside Motion. After response and argument from the parties, however, the bankruptcy court ruled, but allowed that if the state court were to subsequently find the Fees Judgments void, the nondischargeability determination would be moot.

4

that: "the record presented by [Youngblood] and not denied by the Debtor supports a clear conclusion that the [Fees Judgments] were awarded as part of an ongoing effort to either modify child support or correct child support or test whether arrearages existed." Hr'g Tr. (Nov. 15, 2011) at 14:1-5. The bankruptcy court found that the Debtor failed to rebut Youngblood's evidence, and stated that "he did not attempt to do so. He's attacked the very judgments themselves as being void." Id. at 16:23-25, 17:1-2. The bankruptcy court reasoned that the Debtor's own unsubstantiated arguments that the Fees Judgments were void, because he was current on his arrearages, supported the bankruptcy court's conclusion that the Fees Judgments are domestic support obligations under section 523(a)(5). And because the Fees Judgments fell under section 523(a)(5), they necessarily did not fall under section 523(a)(15).[6] The bankruptcy court therefore granted the Motion and entered Judgment based on section 523(a)(5). Debtor filed a timely notice of appeal.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.[7]

_____

[6] Section 523(a)(15) specifically excludes debts "of the kind described in paragraph (5). . . ."

[7] As discussed earlier, Debtor asserted in the Opposition and at the November 15, 2011 hearing on the Motion that he had filed the Set Aside Motion. The bankruptcy court advised the parties at the hearing that the granting of summary judgment
(continued...)

**ISSUE**

Did the bankruptcy court err when it granted Youngblood summary judgment determining that the Fees Judgments were nondischargeable?

**STANDARD OF REVIEW**

We review orders granting summary judgment de novo. Bendon v. Reynolds (In re Reynolds), 479 B.R. 67, 71 (9th Cir. BAP 2012). In doing so, we are "governed by the same principles as the [bankruptcy] court:  whether, with the evidence viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact, so that the moving party is entitled to a judgment as a matter of law." Bamonte v. City of Mesa, 598 F.3d 1217, 1220 (9th Cir. 2010)(internal quotation marks and citation omitted). We must also determine "whether the [bankruptcy] court correctly applied the relevant substantive law." Paulman v. Gateway Venture Partners III, L.P. (In re

---

[7](...continued)
would be without effect if the Superior Court subsequently determined the Fees Judgments to be void. The bankruptcy court included a similar statement in the judgment, and, based thereon, the motions panel identified a mootness issue. An appeal is moot if an event occurs during its pendency "that makes it impossible for the appellate court to grant 'any effectual relief whatever' to the prevailing party." United States v. Tanoue, 94 F.3d 1342, 1344 (9th Cir. 1996) (citations omitted). The motions panel, therefore, required Debtor to file a written response explaining the status of the Set Aside Motion and why this appeal is not moot. Debtor responded that the Superior Court had denied the Set Aside Motion, and the motions panel thereafter entered an order on August 2, 2012, determining that this appeal does not appear to be moot. This Panel, after independent review, agrees, and therefore will not consider further argument from the Debtor on this point.

<u>Filtercorp, Inc.)</u>, 163 F.3d 570, 578 (9th Cir. 1998) (citation omitted).  Whether a claim is nondischargeable presents mixed issues of law and fact that are reviewed de novo.  <u>See</u> <u>Miller v. United States</u>, 363 F.3d 999, 1004 (9th Cir. 2004); <u>Hamada v. Far East Nat'l Bank (In re Hamada)</u>, 291 F.3d 645, 649 (9th Cir. 2002).

## DISCUSSION

### Debtor Fails To Identify Any Grounds For Reversal.

Debtor's appellate brief does little to assist this Panel's review of the facts and legal grounds upon which the bankruptcy court ruled.  Appellee did not file a brief.  Debtor generally argues that the bankruptcy court made findings of fact that were contrary to the evidence; however, his specific arguments veer off into areas where consideration by this Panel is inappropriate.

First, Debtor challenges the bankruptcy court's ruling by arguing that Youngblood's counsel committed fraud on the Superior Court when he filed false affidavits in support of the Fees Judgments.  In support, Debtor includes in his appellate appendix at Tabs 1 through 3 copies of three affidavits, which appear on their faces to have been filed in the Superior Court in 2002, 2003, and 2007, respectively.

Neither the argument nor the supporting documents were presented to the bankruptcy court in connection with the Motion.  As such, the argument is waived, and the Panel will strike the three affidavits.  <u>Golden v. Chicago Title Ins. Co. (In re Choo)</u>, 273 B.R. 608, 613 (9th Cir. BAP 2002) (issues not raised at the trial court will not be considered for the first time on appeal);

7

*Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077-78 (9th Cir. 1988) (papers not filed or admitted into evidence by trial court prior to judgment on appeal were not part of the record on appeal and thus stricken); see also *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 n.5 (9th Cir. 2001) ("Evidence that was not before the lower court will not generally be considered on appeal."). As noted by the Ninth Circuit in *Kirshner*: "We are here concerned only with the record before the trial judge *when his decision was made.*" *Kirshner*, 842 F.2d at 1077 (internal quotation marks and citation omitted, emphasis in original). Therefore, we must consider only the record before the bankruptcy court when it granted summary judgment.[8]

Second, Debtor asks this Panel to correct mistakes allegedly made by the Superior Court and cites Civil Rule 60(d)(3) as authority for this Panel to "set aside a judgment for fraud on the court." Aplt. Op. Br. at 7. This Panel cannot sit as an appellate court in relation to a state court decision, and Civil Rule 60(d)(3) is wholly inapplicable to such a request. The *Rooker-Feldman* doctrine has limited applicability, but it applies squarely when a state-court loser, such as Debtor, complains of a "mistake" made by the state court and, in effect, invites review and rejection of the Fees Judgments on that basis. See generally *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Maldonado v. Harris*, 370 F.3d 945, 949-50 (9th Cir.

---

[8] Even if the Debtor made the argument to the bankruptcy court, the bankruptcy court, like this Panel, lacked any jurisdiction or authority to consider it. See generally, discussion herein regarding the *Rooker-Feldman* doctrine.

8

2004).

Third, Debtor requests that this Panel find that Debtor entered in good faith into a settlement that was presented to a Commissioner of the Superior Court. Again, Debtor did not argue this issue or its relevancy before the bankruptcy court, and, therefore, it is not appropriate for consideration on appeal. In re Choo, 273 B.R. at 613.

Debtor makes only one argument on appeal that he previously presented to the bankruptcy court in his Opposition. Debtor argues, in essence, that the 2009 Minute Entry had the effect of releasing him from any liability for the Fees Judgments. Concurrently with the filing of the Opposition, the Debtor filed the Set Aside Motion with the Superior Court on the same theory. The record in this appeal reflects that the Superior Court denied the Set Aside Motion. Thus, this argument is moot.

Because Debtor fails to identify any genuine issue of material fact as to the legal nature of the Fees Judgments or to cite any authority to show that the bankruptcy court erred when it determined Youngblood was entitled to a nondischargeable judgment as a matter of law, we affirm on that basis. See United States v. Dunkel 927 F.2d 955, 956 (7th Cir. 1991) (a skeletal argument does not preserve a claim: "judges are not like pigs, hunting truffles").

Nonetheless, because we are to construe pro se appellate briefs liberally (see Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)), we also examine the record to determine if it supports the bankruptcy court's decision to grant Youngblood summary judgment.

**The Bankruptcy Court Did Not Err When It Determined The Fees Judgments Are Nondischargeable Under Section 523(a)(5).**

Section 523(a)(5) excepts from discharge any debts owing "for a domestic support obligation." This provision balances dueling policies. On the one hand, allowing a debtor a "fresh start" requires that the court limit the exceptions to discharge to those expressly provided in the Bankruptcy Code. Beaupied v. Chang (In re Chang), 163 F.3d 1138, 1140 (9th Cir. 1998). On the other hand, there is an "overriding public policy favoring the enforcement of familial obligations." Id. (internal quotation marks and citation omitted). Whether a debt is actually a domestic support obligation is a factual determination made as a matter of federal bankruptcy law. Id.

Decisions in the Ninth Circuit, as well as in other circuits, support the section 523(a)(5) nondischargeability of attorney's fees awarded either in connection with a dissolution proceeding as alimony, maintenance, or support or in child custody proceedings. See Rehkow v. Lewis (In re Rehkow), 2006 Bankr. LEXIS 4870 *9 (9th Cir. BAP Aug. 17, 2006) (compiling cases).

The bankruptcy court determined the Fees Judgments nondischargeable under section 523(a)(5)[9], based on the evidence

---

[9] The bankruptcy court also found that, as the Fees Judgments were entered in connection with domestic support obligations, under section 523(a)(5) they necessarily did not fall under section 523(a)(15), which pertains to a debt "not of the kind described in [523(a)(5)]." Hr'g Tr. (Nov. 15, 2011) at 14:1-8.

10

submitted by Youngblood[10] and the lack of any evidence or argument presented to the contrary by the Debtor. The bankruptcy court noted that: "[t]he fee awards were all entered by a family court in connection with a divorce and related proceedings including alimony and support allegations." Hr'g Tr. (Nov. 15, 2011) at 13:17-19. It also concluded that: "the record presented by movant and not denied by the Debtor supports a clear conclusion that the fees were awarded as part of an ongoing effort to either modify child support or correct child support or test whether arrearages existed." Hr'g Tr. (Nov. 15, 2011) at 14:1-5.

We independently reviewed the legal arguments and evidence submitted by the parties to the bankruptcy court. Youngblood did not argue, nor did the bankruptcy court explore, how the Superior Court characterized the debt under Arizona law; and state law is relevant to a determination under section 523(a)(5). See In re Chang, 163 F.3d at 1140. Youngblood argued that all fees upon which the Fees Judgments were based were incurred in connection with the health, safety, and welfare of the parties' minor children. Youngblood further argued that where the fees were not a domestic support obligation, but owed to a former spouse or child and incurred in the course of a divorce or divorce decree or other order, such fees are nondischargeable under

---

[10] In support of the Motion, Youngblood filed the affidavit of her family law attorney, who also represented her on the Motion, along with copies of orders, minute entries, and court dockets in both domestic relations cases in the Superior Court, which we have reviewed. See In re E.R. Fegert, Inc., 887 F.2d at 957-58.

section 523(a)(15). Section 523(a)(15) excepts from discharge a debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . ."

Our review of Youngblood's counsel's affidavit in support of her Motion and the dockets in Case #1 and Case #2 confirms Youngblood's characterization in large measure, but also discloses that numerous docket entries refer to visitation and/or custody disputes in addition to the child support disputes. Based thereon, and in light of the lack of any argument that Arizona state law would lead to a different result, we are able to conclude that the bankruptcy court did not err by finding the debt evidenced by the Fees Judgments to be nondischargeable under section 523(a)(5). To the extent some of the fees awarded do not cleanly fit within "domestic support obligations," however, such error would be harmless.[11] We conclude that all such fee awards otherwise would be nondischargeable under section 523(a)(15). And, as we may affirm the bankruptcy court on any grounds supported by the record [(Canino v. Bleau (In re Canino), 185 B.R. 584, 594 (9th Cir. BAP 1995)], it is not necessary for us to decide between the two alternative statutory provisions.

---

[11] We generally ignore harmless error. See Van Zandt v. Mbunda (In re Mbunda), 484 B.R. 344, 2012 Bankr. LEXIS 5940 *20 (9th Cir. BAP)(citing Litton Loan Serv'g, LP v. Garvida (In re Garvida), 347 B.R. 697, 704 (9th Cir. BAP 2006)).

12

**CONCLUSION**

On the motion for summary judgment, the bankruptcy court did not err in determining that there were no genuine issues of material fact.  The Fees Judgments are nondischargeable, and, therefore, we AFFIRM.